

**Supreme Public Prosecutor's Office of the Czech Republic**
International Affairs Department
Section of Legal Assistance in Criminal Matters

| Jezuitská 4, | 660 55, Brno, | the Czech Republic |
| tel.: + 420 / 5 / 4251 2111 | | fax: + 420 / 5 / 4251 2350 |
| email: krol@nsz.brn.justice.cz | | |

Our Ref. No.: 2 NZn 290/2005

In Brno, May 18th, 2005

**United States Department of Justice**
**Office of International Affairs**
**Criminal Division**
10th and Constitution Ave., NW
Keeney Building
Washington, DC 20530
**USA**

In re: **The Acused Milan Kolodžej and Georgiy Nikolajevič Anohin** - Request for Legal Assistance in Criminal Matters

Enclosure: 2x The Request of the City Public Prosecutor's Office in Prague incl. Translation

    Referring to the Treaty between the USA and the Czech Republic on Mutual Assistance in Criminal Matters Supreme Public Prosecutor's Office forwards to your authority the attached request of the local prosecution service in Prague and asks you to hear the responsible representative of the company New Financial Association Inc, 15 East North Street, Dover, DE 19901, USA.

    Details of the requested legal assistance (especially the instruction that is to be given to the witness) and of the criminal matter itself have been specified in the attached request of the local prosecution service.

    Furthermore I would like to draw your attention to the fact mentioned in the request that under the Czech Criminal Procedure Code it is necessary to inform the defence counsel about the time and place of witness examination because otherwise the Czech court cannot recognise this examination as evidence. Therefore we would like to be informed about the time and place of the witness examination as soon as possible, via the Supreme Public Prosecutor's Office of the Czech Republic, fax number: ▓▓▓▓▓▓▓▓▓▓ or via the City Public Prosecutor's Office in Prague, fax number: ▓▓▓▓▓▓▓▓▓▓

Thank you for your co-operation.

Yours faithfully, 

**JUDr. Světlana Kloučková**
Director of International Affairs Department
Represented by: JUDr. Drahomíra Lojdová

*Translation from Czech:*

*Stamp: Municipal Prosecuting Attorney's Office in Prague*
*121 45 Praha 2, Legerova 13*

File No.: ███                                    Prague, March 17, 2005

Public Prosecutor's Office
in the United States of America

---

Ref.:   The accused Milan Kolodžej, born on December 23, 1951
        – Request for Legal Assistance
Annex:  Documents of New Financial Association

In compliance with the Contract between the United States of America and the Czech Republic dated May 7, 2000, the Municipal Public Prosecutor in Prague requests provision of legal assistance as specified hereinbelow:

Criminal proceedings are conducted by the bodies of the Police of the Czech Republic under the criminal file number – ███ against the accused Milan Kolodžej, born on ███ the statutory representative of BOOM AGENCY, and against the accused Georgiy Nikolajevich Anohin, born on ███ the statutory representative of the company ANOKH, in particular for the criminal offence of curtailment of taxes, fees and similar mandatory dues pursuant to Section 148, Paragraph 2, Paragraph 4 of the Penal Code in the stage of attempt in accordance with Section 8, Paragraph 1 of the Penal Code, committed by the accused namely by filing tax returns in 2001 and 2002, wherein they have included two invoices for the purchase of a technological process and for the assembly of a high-frequency rectifier for tube gas discharge, for KX series cold cathode-based lasers, even though the transaction did not take place, whereby they have attempted to gain reimbursement of value added tax from the Czech State in the amount of CZK 7,796,924.

Section 148

Curtailment of Taxes, Fees and Similar Mandatory Dues

1. Who shall curtail tax, customs duty, social security insurance or health insurance, fee or other similar mandatory due in a larger scale shall be punished by imprisonment for a term from six months up to three years or by fine.

2. Who shall entice an advantage from any of the mandatory dues indicated in Paragraph 1 hereinabove, shall receive similar punishment.

3. An offender shall be punished by imprisonment for a term from one year up to eight years, if

   a) the offender commits a criminal offence indicated in Paragraph 1 or 2 at least with two persons;
   b) the offender violates an official sealing in order to facilitate such a criminal offence, or
   c) the offender causes severe damages by such a criminal offence.

4. An offender shall be punished by imprisonment for a term from five up to twelve years, if the offender causes large-scale damage by committing the criminal offence stipulated in Paragraphs 1 and 2 hereof.

## Section 67
## Limitations of Criminal Prosecution

1. Punishability of a criminal offence shall become statute-barred on expiry of the period of limitation, which is

   a) twenty years in the case of a criminal offence for which provisions included in the special part of the Penal Code permit imposition of an exceptional punishment, and in the case of a criminal offence committed within the preparation or approval of a privatization project under Act No. 92/1991 Coll., on terms and conditions of the transfer of state property to other persons, as amended;
   b) twelve years, if the maximum term of imprisonment is not less than ten years;
   c) five years, if the maximum term of imprisonment is not less than three years;
   d) three years, in the case of other criminal offences.

2. Limitations shall not include

   a) a period during which the offender could not be tried because of a legal impediment;
   b) a period when the offender was abroad;
   c) the probationary period if there is a conditional stay of criminal prosecution.

3. Limitations of criminal prosecution shall be interrupted

   a) when the offender is informed of accusation of another criminal offence affected by limitation, as well as when subsequent actions taken by a police body, public prosecutor or the court are directed towards criminal prosecution of the offender, or
   b) when, during a period of limitation the offender commits a new criminal offence, which is punishable under the Penal Code by the same or more severe punishment.

4. A new period of limitation shall commence upon the interruption of the initial period of limitation.

The company NEW FINANCIAL ASSOCIATION Inc 15 East North Street, Dover, DE 19901 USA was supposed to be the purchaser of the whole transaction. Allegedly, this company was advertising its demand for the above mentioned subject on the internet. The company NEW FINANCIAL ASSOCIATION Inc was contacted by the company BOOM – AGENCY and a contract was supposed to be signed. The payment was to take place between years 2001 and 2002 in the Republic of Montenegro, Trust Monte Bank.

We request you to ascertain, whether this company exists and whether a representative of this company can confirm the order, delivery and the following invoicing of the technological process and the assembly of a high-frequency rectifier for tube gas discharge on a nylon cord carrier, for KX series cold cathode-based lasers, in the amount of USD 985,000.

We also request you to interrogate the representative of the American Company NEW FINANCIAL ASSOCIATION Inc 15 East North Street, Dover, DE 19901 USA to provide information on the subject of the business transaction and the payment to the account in Montenegro.

We ask you to instruct the witness pursuant to the Czech procedural regulations. The instructions should be as specified below:

The witness shall testify on facts known to him/her with respect to the criminal offence and on other circumstances of the case. The witness shall speak the truth, otherwise the witness is exposing himself/herself to the risk of being subject to criminal proceedings for committing the criminal offence of false testimony.

In the event the witness intentionally accuses another person of committing a criminal offence, the witness is exposing himself/herself to the risk of being subject to criminal proceedings for committing the criminal offence of false accusation.

The witness shall have the right to reject testimony in case he/she violates an obligation of confidentiality imposed or recognized by the state, unless the witness has been discharged of such an obligation by the competent authority or by the entity, on behalf of which the witness has such an obligation.

The relatives of the accused in lineal descent, his/her sibling, adoptive parent, adopted child, spouse, husband or wife shall also have the right to reject the testimony.

The witness shall also have the right to reject testimony in case he/she could put himself/herself in danger of criminal prosecution.

If the ascertained facts indicate that the witness or a person closely related to the witness may become subject to actual bodily harm or other serious danger, infringement of their basic rights, and if the protection of such witness cannot be secured in any other manner, the body active in criminal proceedings shall adopt such measures to ensure the concealment of the appearance of the witness, whereas the name and surname, as well as of other personal data are not included in the report, but filed separately from the criminal file and may be only disclosed to bodies active in criminal proceedings. The witness shall be instructed of his/her right to request concealment of his/her appearance and to sign a report under a fictional name and surname, under which the witness is filed. When the reasons for the concealment of the appearance of the witness become extinct and the separate filing of the personal data of the

witness, these shall be attached to the criminal file and the appearance of the witness shall not be concealed.

In the event the witness shall be interrogated in accordance with the legislation of the United States of America, we ask you to provide a precise quotation thereof.

We also ask you to notify us of the place and time of the interrogation of the witness — i.e. the representative of the company mentioned above — so that we can inform the attorneys of the accused, who have the right to be present to the procedural act under the Czech procedural legislation.

We thank you very much for your legal assistance.

Yours faithfully,

*Illegible signature*
JUDr. Marcela Kratochvílová
Deputy of the Municipal Public Prosecutor
in Prague

*Round seal: Municipal Prosecuting Attorney's Office in Prague – 12*